IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00755-RJC

| | |
|---|---|
| ANDREW ELLIOTT WILKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WELLS FARGO ADVISORS; ) | |
| ANGIE OSTENDARP; MIKE QUIMBY; ) | |
| ANDY TULLIS (Deceased); ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion to proceed in forma pauperis. (Doc. No. 2).

Plaintiff has filed a pro se complaint alleging various state law claims and a claim that his rights as protected under 42 U.S.C. § 1983 have been violated. In support of his claim for relief, Plaintiff contends the defendants mismanaged his investment funds and he attaches evidence of an award from a dispute resolution he filed, through counsel, against Defendant Wells Fargo Advisors, LLC, with the Financial Industry Regulatory Authority (FINRA). In this award, which is dated August 1, 2016, Plaintiff is ordered to be paid $73,784.34 in compensatory damages, and attorneys' fees and costs in the amount of $24,965.66 from Wells Fargo Advisors, LLC. (3:16-cv-00755, Doc. No. 1 at 10, 13-14).

In addition to reviewing Plaintiff's motion to proceed in forma pauperis, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is

1

immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii); see also Michau v. Charleston County, S.C., et al., 434 F.3d 725, 728 (4th Cir.) (noting § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . ."), cert. denied, 548 U.S. 910 (2006).

In order to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted). Plaintiff has utterly failed to demonstrate that any of the defendants are state actors. In addition, Plaintiff's generic recitation of other federal and state law claims fails to alert this Court to any potential claim for relief. Moreover, Plaintiff claims that he was awarded over $70,000 in his arbitration proceeding; yet in his affidavit to proceed in forma pauperis he lists no income or other form of monetary flow over the last twelve months notwithstanding the fact that his arbitration victory occurred in August 2016.

Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. (Doc. No. 2).
2. Plaintiff's pro se motion to amend his complaint is **DENIED** as futile. (Doc. No. 10).
3. Defendants' motion to dismiss the complaint is **GRANTED**. (Doc. No. 5).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: February 15, 2017

Robert J. Conrad, Jr.
United States District Judge